**BEACHVIEW BROADCASTING CORPORATION, Appellant,**

**v.**

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**
Tidewater Teleradio, Inc., Intervenor.

Nos. 13583, 13913, 14001.

United States Court of Appeals
District of Columbia Circuit.

Argued May 26, 1958.

Decided Sept. 18, 1958.

Petition for Rehearing In Banc Denied
Oct. 22, 1958.

Certiorari Denied March 9, 1959.
See 79 S.Ct. 649.

Mr. Edward P. Morgan, Washington, D. C., with whom Mr. Fred J. Eden, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, with whom Mr. Warren E. Baker, General Counsel, Federal Communications Commission, and Mr. Mark E. Fields, Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. John J. O'Malley, Jr., Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Paul A. Porter, Washington, D. C., with whom Messrs. Reed Miller and Harry M. Plotkin, Washington, D. C., were on the brief, for intervenor. Mr. George Bunn, Washington, D. C., also entered an appearance for intervenor in No. 13583.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

PER CURIAM.

These are appeals from orders of the Federal Communications Commission. They involve a comparative consideration of the characteristics of two applicants for a television license and the award of the license to one of them. Under some nine headings the Commission compared the two upon various bases specified by the parties as applicable points of comparison. No complaint is now made that the Commission either failed to consider any specified point or did consider any unspecified standard; the case lies within the subjects specified as applicable. Appellant complains of the Commission's evaluations. It says the Commission erred in its specification of criteria, in its description of them, and in the facts. The Commission, discussing all these topics at some length, found no preference one way or the other except on three points. It found preference for Portsmouth (now Tidewater) in respect to civic participation and past broadcast record. It found one minor preference for Beachview on diversification of communications interests, because Portsmouth was affiliated with one of the seven standard radio stations in the area. The record contains voluminous evidence on all the topics of comparison considered. The reasoning of the Commission on each of the subjects is stated at length. We find nothing arbitrary, capricious, irrational or unreasonable in them.

This situation is clearly one in which the Congress has confided the function of decision in the Commission. The limited authority of the court in reviewing the

matter does not touch any of the choices made by the Commission and alleged by appellant to have been erroneous. It may be that the Congress has confided too great power in the agency. But the power is in the Congress to dispense, and it is not within the judicial function to superimpose a court's judgment on regulatory measures such as those here involved.

We said in Johnston Broadcasting Co. v. Federal Communications Commission: [1]

"In respect to comparative decisions, these are the essentials: (1) The bases or reasons for the final conclusion must be clearly stated. (2) That conclusion must be a rational result from the findings of ultimate facts, and those findings must be sufficient in number and substance to support the conclusion. (3) The ultimate facts as found must appear as rational inferences from the findings of basic facts. (4) The findings of the basic facts must be supported by substantial evidence. (5) Findings must be made in respect to every difference, except those which are frivolous or wholly unsubstantial, between the applicants indicated by the evidence and advanced by one of the parties as effective. (6) The final conclusion must be upon a composite consideration of the findings as to the several differences, pro and con each applicant."

The findings and decision of the Commission in the present cases comply with those requirements.

Affirmed.

EDGERTON, Chief Judge (concurring in the result).

I think the hearing examiner and the minority of the Commission, who preferred Beachview, were clearly right, but I cannot say there was no rational basis for preferring Portsmouth.

[1]  1949, 85 U.S.App.D.C. 40, 46, 175 F.2d 351, 357.